| | | |
|---|---|---|
| STEVEN M. DEADRICK, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 2:26-cv-155 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| SULLIVAN COUNTY SHERIFF'S | ) | Magistrate Judge Wyrick |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate confined in the Sullivan County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that during his confinement, Defendant Nurse Sussie gave him a dose of insulin that was too high [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I. FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he cannot pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] is **GRANTED**.

As he is incarcerated, Plaintiff is **ASSESSED** the $350.00 civil filing fee. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, United States District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee

of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.     Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However,

courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.      Complaint Allegations**

Plaintiff states that on one occasion, Defendant Nurse Sussie and others were laughing and joking with each other while they were checking blood sugar levels for inmates, including Plaintiff. [Doc. 1 at 2–3]. Defendant Nurse Sussie checked Plaintiff's blood sugar level, which was 91, and she therefore withdrew some insulin into a syringe to inject him. [*Id.* at 3]. Plaintiff states that he was supposed to receive "around 22 units" of insulin. [*Id.*]. But when Defendant Nurse Sussie began to give Plaintiff the insulin, Plaintiff noticed the syringe contained more than 22 units and instead contained "maybe around 40 to 45 units." [*Id.*]. After receiving the injection, Plaintiff went to his bunk, where he blacked out, after which he was hospitalized and treated. [*Id.*].

Plaintiff has sued the Sullivan County Sheriff's Department, Sullivan County Sheriff Jeff Cassidy, and Nurse Sussie. [*Id.* at 1, 3]. As relief, he seeks monetary compensation, that the Court makes sure this does not happen to anyone else, and that the Court ensures he gets better care. [*Id.* at 4].

**C.      Analysis**

**1.      Sullivan County Sheriff's Department**

First, while Plaintiff names the Sullivan County Sheriff's Department as a Defendant, this is not an entity subject to suit under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)) ("It is well established that in Tennessee federal courts, a sheriff's

office or police department is not a 'person' subject to suit under 42 U.S.C. §1983."). Additionally, even if the Court could liberally construe Plaintiff's complaint as against Sullivan County (as an entity subject to suit under §1983 and the municipality responsible for the Sullivan County Jail), the complaint does not contain facts that allow the Court to plausibly infer that a custom or policy of this municipality caused any violation of Plaintiff's constitutional rights, as required to state a plausible § 1983 claim against it. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (providing that a municipality may be liable only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"). As such, the Sullivan County Sheriff's Department will be **DISMISSED**, and this action will not proceed against Sullivan County.

### 2. Individual Defendants

Although Plaintiff has the duty to plead the capacity in which he sues the individual Defendants, *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989), Plaintiff does not do so in his complaint. Nevertheless, the Court assumes that Plaintiff sues Defendants Sheriff Cassidy and Nurse Sussie in both their individual and official capacities for purposes of screening the complaint.

### A. Official Capacity Claims

To the extent that Plaintiff sued Defendants Sheriff Cassidy and Sussie in their official capacities, any such claims are actually against Sullivan County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). But as set forth above, Plaintiff's complaint does not allow the Court to plausibly infer that a custom or policy of Sullivan County caused any violation of his

4

constitutional rights. As such, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant in his or her official capacity, and any such claims are **DISMISSED**.

### B. Individual Capacity Claims

#### 1. Sheriff Cassidy

Plaintiff's complaint does not allege that Defendant Sheriff Cassidy was personally involved in the incident underlying his complaint. As such, it fails to state a plausible claim for violation of § 1983 against him. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Iqbal*, 556 U.S. at 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"); *Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983) (internal quotation marks and citations omitted). Accordingly, Defendant Sheriff Cassidy is **DISMISSED**.

#### 2. Nurse Sussie

The cornerstone of Plaintiff's complaint is that, on one occasion, Defendant Nurse Sussie administered too much insulin to him in a manner that violated his constitutional rights. [*See generally* Doc. 1]. In evaluating whether Plaintiff's complaint states a plausible § 1983 claim arising out of this insulin injection, the Court presumes that Plaintiff is a detainee and therefore analyzes this claim under the Fourteenth Amendment. *Brawner v. Scott Cnty.*, 14 F.4th 585, 596

(6th Cir. 2021). For Plaintiff's complaint to state a plausible claim for violation of the Fourteenth Amendment arising out of this incident, Plaintiff must set forth facts from which the Court can infer that Defendant Nurse Sussie "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

Plaintiff's allegation that Defendant Nurse Sussie administered an incorrect dosage of insulin to him because she was engaging with other jail officials does not suggest that this Defendant "was anything other than negligent," and it therefore fails to state a plausible claim for violation of the Fourteenth Amendment. *Barnett v. Luttrell*, 414 F. App'x 784, 788 (6th Cir. 2011) (finding that where the plaintiff alleged that the medical provider provided him with a single dose of an incorrect medication, he alleged "medical malpractice at most" and therefore failed to state a constitutional claim). As such, Defendant Nurse Sussie is also **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

7